# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:07cr117

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>ROBERT KEITH ROSS. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Stay of Judgment. [Doc. 40].

## PROCEDURAL HISTORY

On October 6, 2008, the Defendant was convicted of manufacturing and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. §841(a)(1). [Doc. 17]. He was sentenced to 110 months imprisonment. [Id.]. The Defendant did not file a direct appeal.

On September 23, 2009, he timely filed a motion pursuant to 28 U.S.C. §2255. [Ross v. United States, Civil Case No. 1:09cv365, at Doc. 1]. On September 9, 2010, the trial court denied that motion and dismissed the civil proceeding. [Id., at Doc. 2]. The United States Court of Appeals for the Fourth

Circuit declined to issue a Certificate of Appealability and the Defendant's attempt to appeal was dismissed. United States v. Ross, 428 F.App'x. 237 (4th Cir. 2011).

The Defendant then filed a motion to vacate the judgment in his criminal case, citing Federal Rule of Civil Procedure 60(b)(4). [Doc. 37]. The Defendant argued that he was entitled to relief because there was no laboratory report showing a specific weight of methamphetamine. [Id.]. That motion was denied on March 5, 2012. [Doc. 38]. The Court found that the Defendant's motion was not a true Rule 60(b) motion because it directly attacked his sentence. [Id.]. It therefore constituted a second motion pursuant to 28 U.S.C. §2255 which had been filed without certification from the United States Fourth Circuit Court of Appeals. [Id.]. As a result, the Court did not have jurisdiction. [Id.]. The Defendant now moves for a stay of that decision.

## DISCUSSION

The Defendant claims this Court violated the procedural mechanism described in Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). The Supreme Court there held that when a court re-characterizes a *pro se* litigant's motion as his first motion pursuant to 28 U.S.C. §2255, it must notify the litigant that it intends to do so, warn him that

2

such a re-characterization will restrict the ability to file a second such motion and provide the litigant with the opportunity to withdraw or amend the motion. Id. Castro does not apply to the Defendant's situation, however, because he previously filed his first motion pursuant to §2255 and it has been disposed of. United States v. Lee, 2009 WL 1636509 (N.D.W.Va. 2009); Smith v. United States, 2007 WL 2212715 (D.N.J. 2007) (before a court re-characterizes a Rule 60(b) motion as a *first* §2255 motion, it must comply with Castro); United States v. Peete, 2006 WL 2988462 (E.D.Wis. 2006) (Castro does not apply when the defendant has already filed an initial §2255 motion).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Stay of Judgment [Doc. 40] is hereby **DENIED**.

Signed: April 9, 2012

Martin Reidinger
United States District Judge

3