# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### Civil Case No. 1:09cv365-MR
### [Criminal Case No. 1:07cr117-MR-1]

| | | |
|---|---|---|
| **ROBERT KEITH ROSS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on a review of Petitioner's Rule 60(b)(4) motion. [Doc. 11]. For the reasons that follow, Petitioner's motion will be examined as a Section 2255 motion and will be dismissed.

Petitioner was convicted following his plea of guilty to one count of the manufacture and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the Court found that Petitioner was responsible for more than 50 but less than 200 grams of methamphetamine mixture. Petitioner was sentenced to 110-months imprisonment and he did not file a direct appeal from this criminal judgment.

On September 23, 2009, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [1:09cv365, Doc. 1]. On September 9, 2010, the Court entered an Order denying and dismissing Petitioner's Section 2255 motion after finding that it was without merit. Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit that was dismissed after the Court found that Petitioner had failed to show that he was entitled to a certificate of appealability on the issues he raised in his Section 2255 motion. United States v. Ross, No. 10-7463 (4th Cir. filed May 12, 2011). [Doc. 8]. Through this present motion, Petitioner contends that he is entitled to relief because his criminal judgment is void. [Doc. 11].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner contends that he was sentenced to a 110-months' active imprisonment based on the Court's finding that he was responsible for the manufacture with the intent to distribute 1,753.3 grams of methamphetamine mixture. [Doc. 11 at 2]. This underlying premise of Petitioner's contentions is simply in error. The sentencing Court found that the amount of methamphetamine mixture attributable to Petitioner was "greater than 50 but less that 200 grams." <u>See</u> [Doc. 2: Memorandum of Decision and Order at 5].

The Court next observes that the relief Petitioner is seeking in his Rule 60(b)(4) motion to vacate his criminal judgment is identical to the relief he could obtain through a successful Section 2255 proceeding, and the Court will therefore treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petitioner and should be treated accordingly."); <u>United States v. Winestock</u>, 340 F.3d 200,

206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255.

The AEDPA provides, in relevant part, that

> "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the    evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, therefore this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Rule 60(b)(4) motion is **DISMISSED** as an unauthorized, successive Section 2255 motion. [Doc. 11].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

Signed: January 16, 2013

5

Martin Reidinger
United States District Judge